**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

| | |
|---|---|
| **360 Painting, LLC, a Delaware Limited Liability Company,** | |
| *Plaintiff*, | |
| **v.** | Case No. _3:22-cv-56_ |
| **Glenn A. Misiph** | |
| Serve:  Glenn Misiph<br>46 Decarolis Drive<br>Tewksbury, Massachusetts<br>01876 | |
| **and** | |
| **AASK Services, LLC, a Massachusetts Limited Liability Company,** | |
| Serve:  Glenn Misiph, Registered Agent<br>46 Decarolis Drive<br>Tewksbury, Massachusetts<br>01876 | |
| *Defendants.* | |

**COMPLAINT**

Plaintiff 360 Painting, LLC ("Plaintiff"), by and through its attorneys, and as for its

Complaint against Defendant Glenn A. Misiph ("Misiph") and AASK Services, LLC ("AASK"),

states as follows:

**PARTIES**

1.      Plaintiff 360 Painting, LLC is a Delaware limited liability authorized to transact

business in the Commonwealth of Virginia with its principal place of business in Charlottesville,

Virginia. Plaintiff franchises its established system for interior and exterior painting services, to

include equipment, tools, materials, methods, procedures, quality standards, and service marks to its national network of franchisees.

2.    Defendant Glenn Misiph is a Massachusetts resident and citizen and may be served with process at 46 Decarolis Drive, Tewksbury, Massachusetts 01876. Glenn Misiph previously entered into a Franchise Agreement with Plaintiff to license its painting business system.

3.    AASK Services, LLC is a Massachusetts limited liability company and may be served with process through its resident agent, Glenn A. Misiph, at 46 Decarolis Drive, Tweksbury, Massachusetts 01876. On information and belief, Glenn Misiph is the sole owner and operator of AASK.

## JURISDICTION AND VENUE

4.    This action is brought in the United States District Court for the Western District of Virginia, Charlottesville Division.

5.    This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

6.    This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because those claims are so related to the claims in this action over which the Court has original jurisdiction that the claims are part of the same case or controversy.

7.    Venue is proper in this Court, and the Court has personal jurisdiction over Misiph because Misiph's Franchise Agreement with the Plaintiff (the "Agreement") states:

**30.2. Consent to Jurisdiction and Venue for Disputes.** Any action brought by either party shall be brought in the appropriate state or federal court located in or serving county and state in which Franchisor maintains its principal place of business at the time any dispute resolution proceeding is commenced by either

party. The parties waive all questions of personal jurisdiction or venue for the purposes of carrying out this provision. The parties hereby submit to service of process by registered and return receipt requested, or by any other manner provided by law. This exclusive choice of jurisdiction and venue provision shall not restrict the ability of the parties to confirm or enforce judgments in any appropriate jurisdiction.[1]

8.      This Court has personal jurisdiction over AASK under Virginia's long-arm statute, Va. Code § 8.01-328.1(1) and (4).

## FACTUAL BACKGROUND

9.      On or around May 15, 2018, Plaintiff and Misiph entered into a Franchise Agreement which governed their rights and responsibilities towards one another with respect to the painting business system.

10.     The Agreement, including its exhibits, was signed between Misiph, in his individual capacity, and 360 Painting, LLC.[2] Misiph individually guaranteed performance of "each and every undertaking, condition, and covenant set forth in the Franchise Agreement."[3]

11.     On or around May 23, 2018, Misiph filed a Certificate of Organization for AASK Services LLC, a limited liability company formed in the Commonwealth of Massachusetts. In describing the "general character of the business" in his submission for a Massachusetts Certificate of Organization for AASK, Misiph submitted that:

> The business will operate as a franchisee, under a franchise agreement with 360 Painting, LLC. The business provides a full range of painting and decorating services, for both exterior and interior portions of residences and commercial buildings using equipment, tools, materials, methods, procedures, and the quality standards as specified by the franchisor 360 Painting, LLC.[4]

12.     Misiph has operated his 360 Painting franchise through his entity, AASK

---

[1] Exhibit A, § 30.2.
[2] *See* Exhibit A, p. 50, 53, 57, 61, 62, 65, 66.
[3] *Id*. at 63.
[4] Exhibit B at 1.

Services, LLC, from May 2018 to present. Operating the business through an entity which was not a party to the Agreement constituted an assignment of Misiph's rights under his Agreement with Plaintiff or a conveyance of the business assets governed by the Franchise Agreement. Misiph's operation of the franchise through his entity violated Section 19.2 of the Agreement, which states:

> **19.2 <u>Assignment by Franchisee</u>**. Franchisee shall not subfranchise, sell, assign, transfer, merge, convey or encumber, in whole or in part (each, a "**Transfer**"), the Business, the Vehicles, this Agreement or any of its rights or obligations hereunder, or suffer or permit any such Transfer of the Business, the Vehicles, this Agreement or its rights or obligations hereunder to occur by operation of law or otherwise without the prior express written consent of Franchisor.[5]

13.     Beginning in August 2022, and continuing to the present, Misiph established a Facebook group using Plaintiff's marks, logos, and other intellectual property subject to the Franchise Agreement. Misiph formed the Facebook group and used Plaintiff's marks, logos, and other intellectual property without authorization from the Plaintiff. Relevant sections of the Agreement prohibit Misiph's acts. Section 15.2(i) of the Agreement provides that "…any unauthorized use [of the Marks] shall constitute an infringement of Franchisor's rights and a breach of this Agreement." Section 15.2(ii) of the Agreement provides that "…using any of the marks in any part of any domain name or electronic address." In addition, Section 15.3 of the Agreement specifically prohibits Misiph's formation of the Facebook group:

> **15.3 <u>Internet and Website Use</u>**. Franchisee will not establish a website on the Internet using any domain name containing the Marks or anything similar to "360° PAINTING" without Franchisor's prior written consent. Franchisor retains the right to pre-approve Franchisee's use of linking and framing between Franchisee's web pages and all other web sites.[6]

---

[5] *Id*. at § 19.2.
[6] *Id*. at § 15.3.

14.     In addition, beginning on or around August 18, 2022, and continuing to the present, Misiph began posting content on the unauthorized Facebook Group that was "reasonably expected to materially impair or detrimentally impact the goodwill associated with any Mark [of Plaintiff]", which is prohibited by the Agreement.[7]

15.     Misiph's assignment of the license he received under the Agreement, his formation of the Facebook group using Plaintiff's Marks, and his posts on the Facebook group, constituted material breaches of the Franchise Agreement.

16.     On September 12, 2022, Plaintiff's chief legal officer wrote to Misiph outlining these three behaviors—the unauthorized use of the Marks by his entity AASK Services, LLC, the formation of the Facebook group using Plaintiff's Marks, and the Facebook posts which tended to impair the goodwill associated with the Marks—and requested that Misiph immediately cease and desist these material breaches of his Agreement.[8] Misiph declined to cure the material breaches of the Agreement, which led Plaintiff to terminate Misiph's Franchise Agreement on September 26, 2022.[9]

17.     Under the terms of the Agreement, a franchisee remains financially responsible for its obligations under Section 23.2, which requires the franchisee to "…pay all sums owing to Franchisor which may include, but not be limited to, all damages, costs and expenses, including reasonable attorneys' fees, unpaid Royalty Fees, and any other amounts due to Franchisor"[10] and to "…pay to Franchisor all costs and expenses, including reasonable attorneys' fees, incurred by Franchisor subsequent to the termination or expiration of the Franchise in obtaining injunctive or

---

[7] *Id.* at § 22.2(xvii).
[8] *See* Exhibit C, Notice of Default.
[9] Exhibit D, Notice of Termination.
[10] Exhibit A at § 23.1(iii).

other relief for the enforcement of any provisions of this Agreement."[11] Misiph is also subject to

a post-termination covenant not to compete for two years within a certain proximity to the

territory assigned under the Agreement.[12]

18.    Under the Franchise Agreement, Misiph owed contractual minimum payments of

$100.00 per week in royalties, $560.00 per month for technology fees, and $950.00 per month

for contact center fees. The Agreement's initial ten-year term would have run from May 16,

2018 through May 15, 2028, a period of 3,652 days. Plaintiff terminated Misiph's Franchise

Agreement on September 26, 2022, leaving 2,057 days in the agreement term or 293.86 weeks or

52.36 months. The minimum fees due under the Agreement are thus $100.00 per week * 293.86

weeks = $29,386.00 for royalties, $560.00 per month * 67.6 months = $37,856.00 for technology

fees, and $950.00 per month * 67.6 months = $64,220.00 for contact center fees. The total

damages arising from the failure to play contractually due minimum royalties, technology fees,

and contact center fees is thus $29,386.00 + $37,856.00 + $64,220.00 = $131,462.00.

## COUNT I

### Breach of the Franchise Agreement

### (as against Misiph)

19.    Paragraphs 1 through 18 are hereby re-alleged and incorporated herein for

reference.

20.    Plaintiff has provided all services and performance required of it under the

Franchise Agreement with Misiph and Misiph has accepted Plaintiff's performance without

objection.

21.    Misiph has breached the Franchise Agreement by failing to adhere to his

---

[11] *Id*. at § 23.1(iv).
[12] *Id*. at § 21.1(ii).

obligations under §§ 19.2, 15.2(i), 15.2(ii), 15.3, 22.1(xvi), and 22.1(xvii).

22.     Misiph has failed to cure these breaches despite being made aware of them since at least September 12, 2022.

23.     Plaintiff has suffered damages as a result of Misiph's material breaches of the Franchise Agreement and has been damaged in an amount no less than $131,462.00.

## COUNT II

### Unjust Enrichment

### (as against Misiph and AASK)

24.     Paragraphs 1 through 18 are hereby re-alleged and incorporated herein for reference.

25.     In the event that the Franchise Agreement is found to be invalid, void, voidable, modified, or if Plaintiff is otherwise precluded or limited from recovering under Count I, *supra*, Plaintiff alleges in the alternative that Misiph would be unjustly enriched if he were allowed to benefit from the services and property conveyed under the Agreement without paying for the same. Similarly, Plaintiff alleges that AASK would be unjustly enriched if it were allowed to benefit from the services and property received pursuant to the Agreement without paying for the same.

26.     Plaintiff conferred a benefit on Misiph in providing access to its painting business system, to include its equipment, tools, materials, methods, procedures, quality standards, and service marks. The benefit was also conferred on AASK by Misiph's assignment of his rights under the Agreement and conveyance to AASK of the business information received pursuant to the Agreement. Plaintiff provided services and property for Misiph's use between May 18, 2018 and September 26, 2022, which services and property were to be paid for by Misiph from

revenues received through his painting franchise. Misiph knew that the Plaintiff provided its services and property, the nature and scope of the services and property, and the value of the services and property at the time the services and property were provided to Misiph. AASK knew that the Plaintiff provided its services and property, the nature of the scope of the services and property, and the value of the services and property at the time the services and property were provided by Plaintiff to Misiph and by Misiph to AASK. Plaintiff reasonably expected Misiph to pay based on the Agreement. Misiph benefited from the Plaintiff's provided services and property as he derived revenues through his entity AASK Services, LLC. AASK benefited from the Plaintiff's provided services and property as AASK avoided the expenditure of revenue on business systems and advertising improperly obtained through Plaintiff, to include a customer relationship management system, lead-tracking software, advertising campaigns, and bidding software.

27. In the event that the Franchise Agreement is found to be invalid, void, voidable, or modified, Misiph would be unjustly enriched by the value of the royalty fees, technology fees, and contact center fees he has expended in exchange for the services and products of Plaintiff.

28. In the alternative, AASK has been unjustly enriched by the value of the royalty fees, technology fees, and contact center fees it has avoided paying for the services and products of Plaintiff that it used to build its business.

29. Plaintiff has thereby been damaged in an amount no less than $100,000.00, comprised of royalty fees, technology fees, and contact center fees.

### COUNT III

### QUANTUM MERUIT

### (as against Misiph and AASK)

30.     Paragraphs 1 through 18 are hereby re-alleged and incorporated herein for reference.

31.     In the event that the Franchise Agreement is found to be void or of no effect, Plaintiff alleges in the alternative that it is entitled to recover the value of the services and property used by AASK Services, LLC and Misiph to generate painting revenue.

32.      Plaintiff and Misiph entered into an Agreement to provide access to Plaintiff's painting business system, to include its equipment, tools, materials, methods, procedures, quality standards, and service marks. Misiph benefited from the provision of the painting business system components and used them to derive revenue in the name of the entity AASK Services, LLC, of which he is the sole member and operator. AASK benefited from the provision of the painting business system components and used them to derive revenue in the name of the entity AASK Services, LLC. Misiph knew or should have known of the benefits conferred on him under the Agreement between Misiph and Plaintiff. AASK knew or should have known of the benefits conferred on it under the Franchise Agreement between Misiph and Plaintiff.

33.     It would be unjust to allow Misiph or AASK Services, LLC to retain and enjoy the benefits conferred upon them by Plaintiff without paying for the value of such benefits. The value of the benefits conferred by Plaintiff on Misiph and AASK is no less than $100,000, comprised of royalty fees, technology fees, and contact center fees.

## REQUEST FOR INJUNCTIVE RELIEF

34.     Paragraphs 1 through 33 are hereby re-alleged and incorporated herein for reference.

35.     By virtue of the allegations in the Complaint, Plaintiff has demonstrated a likelihood of success on the merits and that a balancing of the equities favors the issuance of an

injunction against Misiph and AASK.

36.    Unless Misiph and AASK are preliminarily enjoined from engaging in additional misconduct, Plaintiff will be irreparably harmed in the marketplace by the loss of its confidential information, the misuse of its service marks, and the loss of customer goodwill and reputation associated with its marks and business.

37.    Such conduct would result in a substantial loss, the amount of which is not ascertainable at this point in time, and future economic loss which is presently incalculable.

38.    Plaintiff has no adequate remedy at law for Misiph and AASK's misconduct, and Misiph has contractually agreed in his Agreement that the Plaintiff is entitled to an injunction without bond to restrain Misiph from any actual or threatened breach.[13]

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following:

1.    Award compensatory damages of no less than $131,462.00, prejudgment interest due under Virginia Code Section 8.01-382, and the costs of suit incurred herein, including reasonable attorneys' fees;

2.     Enter an order requiring Misiph and AASK to:

    a.    destroy all of Franchisor's confidential information presently in possession of Misiph and AASK Services, LLC;

    b.    deactivate and delete the 360 Painting Franchisees Facebook group; and

    c.    delete all social media posts which materially impaired or detrimentally impacted the goodwill associated with Plaintiff's service marks.

3.    Such other and further relief as the Court may be deem just and proper.

---

[13] Exhibit A at § 21.1(iv).

Respectfully submitted,

**360 Painting LLC**

*By counsel*


*/s/ Evan D. Mayo*
Evan D. Mayo, Esq. (VSB No. 89383)
Thomas M. Hendell (VSB No. 78579)
Tremblay & Smith, PLLC
105 East High Street
Charlottesville, Virginia 22902
434.977.4455
434.979.1221 facsimile
evan.mayo@tremblaysmith.com
thomas.hendell@tremblaysmith.com